UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAUSTEVEION JOHNSON,<br><br>       Plaintiff,<br> v.<br>OMD, *et al.*,<br><br>       Defendants. | Case No. 2:20-cv-00580-RFB-VCF<br><br>SCREENING ORDER ON<br>FIRST AMENDED COMPLAINT<br>(ECF No. 8) |

   Plaintiff, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a first amended civil rights complaint ("FAC") pursuant to 42 U.S.C. § 1983 (ECF No. 8), and has filed an application to proceed *in forma pauperis* (ECF No. 1), a motion request for screening (ECF No. 3), a motion for leave to file an amended complaint (ECF No. 6), a motion for leave to file excess pages (ECF No. 7), a motion for preliminary injunction (ECF No. 9), a motion for a copy of the motion for preliminary injunction (ECF No. 10), a motion for release and oral arguments (ECF No. 13), a motion request for oral argument (ECF No. 15), and a motion for mandatory settlement conference (ECF No. 16). Plaintiff paid $350.00 toward the full filing fee for a civil action. (ECF No. 14). The Court now addresses the matter of the filing fee, screens the FAC under 28 U.S.C. § 1915A, and addresses the motions.

**I. FILING FEE**

   The Court denies Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) because Plaintiff does not qualify for *in forma pauperis* status. Moreover, Plaintiff seems to acknowledge that he would not have qualified because he later paid a partial filing fee of $350. (ECF No. 14).

   The Court notes that the full filing fee for a civil action initiated before December 1, 2020, is $400, which includes the $350 filing fee and $50 administrative fee. When an inmate qualifies for *in forma pauperis* status the $50 administrative fee is waived by the

Court. However, because Plaintiff does not qualify for *in forma pauperis* status, he must pay the remaining $50 to the Clerk of the Court before this case will proceed.

**II.     SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to

state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by an incarcerated person may therefore be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**III.     SCREENING OF FAC**[1]

In Plaintiff's 51-page FAC, he sues 46 defendants and raises 4 claims allegedly spanning from February 2018 through March 2021. (*See* ECF No. 8). Plaintiff's nature of the case, which is supposed to be brief, is 24 pages long. (*Id.* at 8-31).

The Court dismisses Plaintiff's FAC without prejudice with leave to amend because the 51-page FAC does not comply with the Federal Rules of Civil Procedure ("FRCP") or the District of Nevada's Local Rules of Practice. The Court now advises Plaintiff of the following requirements under the FRCP and Local Rules of Practice to facilitate the filing of a properly formatted second amended complaint. Plaintiff is advised that the failure to comply with these rules when drafting and filing his second amended complaint may result in this action being dismissed.

**A.     FRCP 8, 10, 18, and 20**

**1.     Rules 8 and 10**

Plaintiff's second amended complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A district court has the power to dismiss a complaint when a plaintiff fails to comply with Rule 8. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981). If the factual elements of a cause of action are not organized into a short and plain statement of a particular claim, a district court may dismiss for failure to comply with Rule 8. *Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). Under Rule 8, a plaintiff may not allege extraneous facts that are not part of the factual basis for a particular claim. *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (recognizing that Rule 8 is violated when a plaintiff pleads too much); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that the complaint "does not need detailed

---

[1] The Court denies as moot the motion to screen the original complaint (ECF No. 3) because Plaintiff has filed a FAC. The Court grants Plaintiff's motion for leave to file an amended complaint (ECF No. 6) and a motion to file excess pages (ECF No. 7). The Court now screens Plaintiff's FAC (ECF No. 8).

factual allegations" but requires more "than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action").

Additionally, a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.*

The function of a complaint is not to list every single fact relating to Plaintiff's claims. If Plaintiff wishes to amend his FAC, he must set forth his claims in a simple, concise, and direct manner in order to meet the requirements of Rule 8.

### 2. Rules 18 and 20

A basic lawsuit is a single claim against a single defendant. Rule 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Rule 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." **However, unrelated claims that involve different defendants must be brought in separate lawsuits**. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner"). These rules are not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that inmates pay the required filing fees for their lawsuits and prevent inmates from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

The Court advises Plaintiff that each claim that is raised in his second amended complaint must be permitted by either Rule 18 or Rule 20. Plaintiff may state a single claim against a single defendant. Plaintiff may then add any additional claims to his action that are against the same defendant under Rule 18. Plaintiff may also add any additional

claims against other defendants **if those claims arise from the same transaction, occurrence, or series of transactions as his original claim**. Fed. R. Civ. P. 20(a)(2). Any attempt to join claims that are not permitted by the FRCP will result in those claims being dismissed as improperly joined.

Claims may not be joined merely because they occurred in the same prison, the violators had the same supervisor, or the claims are based on the same type of constitutional violation. Plaintiff may not evade these requirements merely by alleging that he told the same person about them or by making conclusory allegations that all the defendants are engaging in a conspiracy or campaign of harassment. Plaintiff also may not evade these requirements by including multiple causes of action in a part of the complaint form reserved for one claim.

In the instant complaint, Plaintiff brings several different claims against multiple prison officials that are unrelated and cannot proceed in one single action. For example, Plaintiff raises issues related to his parole hearing, Eighth Amendment issues related to COVID-19, First Amendment retaliation and religion issues; and state law claims. If Plaintiff elects to amend his FAC, Plaintiff must choose which related claims he wishes to pursue in this action. If Plaintiff's second amended complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss the claims it finds to be improperly joined.

**B.    Local Rules of Practice**

Plaintiff must also follow the District of Nevada's Local Rules of Practice. Nevada Local Rule of Practice IA 10-1(a)(1)-(3) provides that a filed document cannot contain more than 28 lines of text per page, the text size must be size 12 font or larger; and handwriting must be legible.

Plaintiff's FAC is difficult to read because the FAC often contains tiny handwriting that contains more than 28 lines of handwritten text on a page. If Plaintiff elects to file a second amended complaint, he must only write 28 lines of text per page and write larger than he did in his FAC.

### C. Other Considerations

If Plaintiff elects to file a second amended complaint, he must also keep his "nature of the case" section limited to the 12 lines permitted on the form complaint. The nature of the case section is <u>not</u> the place to provide detailed information about what each defendant did to violate Plaintiff's rights.

### D. Leave to Amend

Plaintiff is granted leave to file a second amended complaint to cure the deficiencies of the FAC. If Plaintiff chooses to file a second amended complaint he is advised that a second amended complaint supersedes (replaces) the original complaint and FAC and, thus, the second amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's second amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit, and it must comply with FRCP 8, 10, 18, and 20. Moreover, Plaintiff should file the second amended complaint on this Court's approved prisoner civil rights form and it must be entitled "Second Amended Complaint."

The Court notes that, if Plaintiff chooses to file a second amended complaint curing the deficiencies, as outlined in this order, Plaintiff will file the second amended complaint within 30 days from the date of entry of this order. If Plaintiff chooses not to file a second amended complaint curing the stated deficiencies, the Court will dismiss this case without prejudice.

### IV. MOTION FOR PRELIMINARY INJUNCTION

In the motion for preliminary injunction, Plaintiff alleges that prison officials are trying to kill him by giving him COVID-19 and seeks compassionate release or to be

transferred to Northern Nevada Correctional Center or Lovelock Correctional Center, and to have the prisons implement COVID-19 precautionary measures in line with the Centers for Disease Control and Prevention. (ECF No. 9).

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

The Court denies the motion without prejudice. As an initial matter, Plaintiff has not established that he is likely to succeed on the merits of this case. As discussed above, Plaintiff's FAC does not comply with the FRCP. Additionally, it is more than likely that Plaintiff will need to initiate a separate lawsuit about his COVID-19 claims to comply with the FRCP. Plaintiff may pursue his emergency COVID-19 claims in that lawsuit. Moreover, after Plaintiff filed his motion for preliminary injunction (ECF No. 9), Plaintiff transferred to Lovelock Correctional Center (*see* ECF Nos. 11, 12), something he sought in his motion for preliminary injunction.

The Court grants Plaintiff's request for a copy of his motion for preliminary injunction (ECF No. 10). However, the Court denies Plaintiff's motion for release (ECF No. 13), motion for oral argument (ECF No. 15), and motion for settlement conference (ECF No. 16).

V. **CONCLUSION**

It is therefore ordered that the application to proceed *in forma pauperis* (ECF No. 1) is denied.

It is further ordered that Plaintiff must pay the remaining $50 of the full filing fee to the Clerk of the Court before this case will proceed. Plaintiff must pay the $50 within 30 days or this case will be dismissed without prejudice for failure to pay the full filing fee.

It is further ordered that the motion to request screening of original complaint (ECF No. 3) is denied as moot.

It is further ordered that the motion for leave to file an amended complaint (ECF No. 6) and motion to file excess pages (ECF No. 7) are granted.

It is further ordered that the Clerk of the Court file the FAC (ECF No. 8).

It is further ordered that the FAC (ECF No. 8) is dismissed in its entirety without prejudice with leave to amend to comply with the FRCP.

It is further ordered that the motion for preliminary injunction (ECF No. 9) is denied without prejudice.

It is further ordered that the motion for a copy of the motion for preliminary injunction (ECF No. 10) is granted.

It is further ordered that the motion for release (ECF No. 13), motion for oral argument (ECF No. 15), and motion for settlement conference (ECF No. 16) are denied.

It is further ordered that, if Plaintiff chooses to file a second amended complaint curing the deficiencies of his FAC, as outlined in this order, Plaintiff will file the second amended complaint within 30 days from the date of entry of this order.

It is further ordered that the Clerk of the Court will send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, a copy of his FAC (ECF No. 8), and a copy of his motion for preliminary injunction (ECF No. 9). If Plaintiff chooses to file a second amended complaint, he should use the approved form and he will write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.

///

///

///

///

It is further ordered that, if Plaintiff fails to timely pay the remaining $50 of his full filing fee or file a second amended complaint curing the deficiencies outlined in this order, the Court will dismiss this action without prejudice.

DATED THIS 10th day of May 2021.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE