UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAUSTEVEION JOHNSON,<br><br>            Plaintiff,<br><br>    v.<br><br>OMD, *et. al.*,<br><br>            Defendants. | Case No. 2:20-cv-00580-RFB-VCF<br><br>**ORDER** |

Plaintiff, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has filed a second amended civil rights complaint ("SAC") (ECF No. 20) pursuant to 42 U.S.C. § 1983, a motion to file a longer than normal complaint (ECF No. 18), a motion for appointment of counsel (ECF No. 19), a motion for prisoner release order (ECF No. 24), a motion for oral arguments (ECF No. 25), a motion for mandatory settlement hearing (ECF No. 26), three motions for a status check (ECF Nos. 27, 31, 32), and a motion for leave to file a third amended complaint (ECF No. 29). Plaintiff has paid the full filing fee for a civil action. (ECF Nos. 14, 23).

In March 2020, Plaintiff submitted a 15-page complaint which raised three claims related to parole, Plaintiff's high-risk-to-reoffend-designation for parole, and religion. (ECF No. 1-1). Before the Court screened the complaint, Plaintiff submitted a first amended complaint ("FAC") raising issues related to his parole hearing, COVID-19, retaliation, religion, and state law claims. (ECF No. 8). The Court dismissed the FAC without prejudice with leave to amend. (ECF No. 17).

In the screening order, the Court explained how Plaintiff's 51-page FAC against 46 defendants did not comply with the Federal Rules of Civil Procedure ("FRCP") or the District of Nevada's Local Rules of Practice. (Id. at 4). The Court advised Plaintiff of FRCP 8, 10, 18, and

20; directed Plaintiff to comply with Local Rule of Practice 1A 10-1(a)(1)-(3) and to not draft more than 28 lines of text per page and to write larger; and told Plaintiff to keep his "nature of case" section limited to the 12 lines permitted on the form complaint. (Id. at 6-7). The Court warned Plaintiff that failure to comply with these rules when drafting and filing his Second Amendment Complaint ("SAC") could result in this action being dismissed. (Id. at 4).

Plaintiff then filed a 42-page SAC against 33 defendants and raises two claims. (ECF No. 20 at 2-8, 38). Plaintiff's nature of case section is 27 pages long. (Id. at 8-28). The body of Plaintiff's SAC also exceeds 28 lines of text per page and is still written in Plaintiff's tiny handwriting. (See generally ECF No. 20). Before the Court was able to screen the SAC, Plaintiff submitted a motion for leave to file a third amended complaint. (ECF No. 29). The Third Amended Complaint (TAC) is 34 pages long, is brought against 41 defendants and raises only a single 8th Amendment claim.

Neither Plaintiff's SAC nor TAC fully address the deficiencies identified in the Court's screening order. (ECF No. 17). Most problematically, Plaintiff's SAC and TAC are attempts at filing a supplemental pleading under FRCP 15(d). Plaintiff's original complaint raised issues taking place in 2019 or earlier. (ECF No. 1-1). Plaintiff's SAC raises issues that took place February 2020 and later. (ECF Nos. 20, 29-1).

Pursuant to Rule 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The Supreme Court has held that Rule 15(d) "plainly permits supplemental amendments to cover events happening after suit, and it follows, of course, that persons participating in these new events may be added if necessary. Such amendments are well within the basic aim of the rules to make pleadings a means to achieve an orderly and fair administration of justice." Griffin v. Cty. Sch. Bd. of Prince Edward Cty., 377 U.S. 218, 227 (1964). "While leave to permit supplemental pleading is 'favored,'. . . it cannot be used to introduce a 'separate, distinct and new cause of action.'" Planned Parenthood of S. Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997).

Plaintiff's SAC and TAC are not amended complaints but rather attempts to file a supplemental pleading. The Court dismisses the supplemental pleading because they raise separate, distinct, and new causes of actions unrelated to any claims raised in the original complaint. Should Plaintiff wish to pursue these new claims, the appropriate course of action is to file a new suit.

Further despite notice and multiple opportunities, Plaintiff has still failed to comply with FRCP 8 and 10, the Local Rule of Practice 1A 10-1(a)(1)-(3), and the Court's admonishment to keep the nature of the case section to 12 lines. The Court notes that Plaintiff did not attempt to comply with all of the directions in the last screening order. (ECF No. 17). The Court explicitly told Plaintiff to write no more than 12 lines for his nature of the case section, yet Plaintiff wrote 27 pages in the SAC and 13 pages in the TAC. The Court appreciates that Plaintiff made an effort to comply with some of the requirements expressed in the screening order, such as confining each page to 28 lines of text. However, because the Plaintiff did not substantially comply with the orders explicitly communicated in the screening order, neither the SAC nor the TAC resolves the deficiencies identified in the FAC. Given that Plaintiff has had two further attempts to comply with the dictates of the screening order, the Court finds that further amendment would likely be futile.

As such, the Court dismisses the SAC (ECF No. 20) and denies leave to file TAC (ECF No. 29). The Court also denies Plaintiff's motion to file a longer than normal SAC. (ECF No. 18). Plaintiff's remedy for the cause of action here is to initiate a new lawsuit that complies with the Court's orders on how to properly format a complaint. This case is dismissed in its entirety.

**I.      CONCLUSION**

IT IS THEREFORE ORDERED that the operative complaint is the SAC (ECF No. 20).

IT IS FURTHER ORDERED that the SAC (ECF No. 20) is dismissed in its entirety.

IT IS FURTHER ORDERED that the motion for leave to file a third amended complaint is denied without prejudice. (ECF No. 29).

IT IS FURTHER ORDERED that this action is therefore dismissed without prejudice. The Clerk of the Court is instructed to close this case. The Clerk of the Court is also instructed to send a copy of this order to the Plaintiff.

DATED this <u>10th</u> day of January, 2022.

_____
RICHARD F. BOULWARE, II
United States District Judge